**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DEBORAH OWENS,**

                                     **Plaintiff,**        **5:06-CV-0736**
                                                          **(NAM/GHL)**
    **vs.**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

                                     **Defendant.**
_____

APPEARANCES:                                   OF COUNSEL:

Bond, McDonald, and Lehman, P.C.        Mark M. McDonald, Esq.
91 Genesee Street
Geneva, New York 14456
*Attorneys for Plaintiff*

Richard S. Hartunian                         Vernon Norwood, Esq.
United States Attorney                      Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198
*Attorney for Defendant*

**Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff Deborah M. Owens brought the above-captioned action pursuant to 42 U.S.C. § 405(g) of the Social Security Act seeking a review of the Commissioner of Social Security's decision to deny her application for disability insurance benefits.  Dkt. No. 1.  In a Memorandum Decision and Order entered on November 3, 2009, the Court reversed the Commissioner's decision and remanded this matter for further proceedings.  Dkt. No. 10.  On December 23, 2010, an administrative law judge rendered a decision fully favorable to plaintiff.  As a result, plaintiff

was entitled to $63,978.00 in past-due disability insurance benefits. In a notice dated April 23, 2011, the Social Security Administration ("SSA") advised plaintiff that it was withholding, pursuant to 42 U.S.C. § 406(b),[1] $15,994.50 from her past-due benefits for possible attorney's fee claims. Dkt. No. 16, Ex. C. By Stipulation and Order entered on February 1, 2010, the SSA awarded $3,025.91 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. No. 14. Presently before the Court is plaintiff's motion pursuant to § 406(b) for attorney's fees in the amount of $15,994.50. Dkt. No. 16. If plaintiff's motion for $15,994.50 in attorney's fees is granted, plaintiff will receive the amount awarded under the EAJA, $3,025.91, and plaintiff's attorney will receive the remaining amount, $12,968.59. The Commissioner does not oppose plaintiff's motion.

## II.    DISCUSSION

Pursuant to § 406(b)(1)(A) of the SSA, an award of attorney's fees is appropriate when: (1) the plaintiff received a judgment in her favor; (2) the fee was awarded as part of the judgment; and (3) the fee does not exceed 25% of the total amount of past due benefits awarded to the plaintiff. *See MacMillan v. Astrue*, 1:07-cv-959, 2012 WL 140577, at *2 (N.D.N.Y. Apr. 23, 2012) (citing *Kazanjian v. Astrue*, No. 09 civ. 3678, 2011 WL 2847439, at *1 (E.D.N.Y. Jul. 15, 2011). Additionally, "the district court must review the reasonableness of the requested fee." *Id*.

---

[1]Title 42 U.S.C. § 406(b) provides:

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

(citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

When determining whether an award of attorney's fees is reasonable, courts have considered a number of factors, including: (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the "risk of loss the attorney assumed by taking the case." *Kazanjian*, 2011 WL 2847439 at *1. The Second Circuit has instructed that in the SSA context, "the best indicator of the 'reasonableness' of a contingency fee . . . is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells*, 907 F.2d at 371. Consequently, when there is a contingency fee agreement in an SSA case, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Id*.

In this case, the contingency agreement between plaintiff and her attorney calls for a fee of "25% of the past due benefits to which you . . . are entitled by reason of a favorable determination of your claim". Dkt. No. 16, Ex. E.[2] Plaintiff is entitled to $63,978.00 in past-due disability insurance benefits. Thus the requested fee of $15,994.50 does not exceed the 25% called for by the contingency agreement or the statutory cap. Turning to the other relevant factors, the Court finds that: there is no evidence that the fee agreement between plaintiff and her attorney was the

---

[2]The contingency agreement specifies that the fee for representation "will be the greater of . . . 25% of the past due benefits to which you . . . are entitled by reason of a favorable determination of your claim . . . , or . . .[t]he full amount of any attorney's fees awarded under the" EAJA. Dkt. No. 16, Ex. E. The agreement further states that: "If fees are awarded under both the EAJA and the Social Security Act, we will retain whichever fee is higher and will refund the lower fee to you. Thus, you may directly benefit from the award of an EAJA fee." Dkt. No. 16., Ex. E.

3

result of fraud or overreaching; plaintiff's attorney successfully litigated this case both in this Court and on remand; and there is no indication that plaintiff's attorney caused unnecessary delay. Moreover, given the number of hours the attorney spent litigating this case, 19.55 hours in district court, and 24.15 hours at the administrative level, an award of the fee requested would not result in a windfall. *See, e.g.*, *MacMillan*, 2012 WL 1405777, at *4 (finding plaintiff's counsel's fee request of $13,825.50 for 16.5 hours of work while "substantial" did not constitute a windfall); *Aas v. Astrue*, No. 08–CV–4488, 2012 WL 194962, at *2 (E.D.N.Y. Jan. 23, 2012) (finding plaintiff's counsel's fee request of $23,013.15 minus the $7,200 EAJA setoff to be reasonable for 42.6 hours of work); *Warren v. Astrue*, No. 06–CV–2933, 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) (holding that the $19,000.00 fee request minus the $6,000.00 EAJA offset did not constitute a windfall and was reasonable for 38 hours of work). Accordingly, the Court grants plaintiff's motion for attorney's fees in the amount of $15,994.50 and directs that $3,025.91 of this award be made payable to plaintiff.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's motion for attorney's fees in the amount of $15,994.50 (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that the Commissioner make $12,968.59 payable to plaintiff's attorney and $3,025.91 payable to plaintiff.

**IT IS SO ORDERED.**

Date:   September 17, 2012

Honorable Norman A. Mordue
U.S. District Judge